**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED by _AP_ D.C.

APR 1 1 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**DEXTER EARL KEMP,**

      **PETITIONER,**

**VS.**                             **CASE NO. 15-21702-CIV-LENARD**
                                          **(10-20410-CR-LENARD)**
                                          **MAGISTRATE JUDGE P.A. WHITE**
                                          **EVIDENTIARY HEARING REQUIRED**

**UNITED STATES OF AMERICA,**

      **RESPONDENT.**
——————————————————————/

## OBJECTIONS TO THE MAGISTRATE'S REPORT

    **COMES NOW,** Petitioner, Dexter Kemp, pro se respectfully moving to file his objections to the Magistrates Report issued on February 19, 2016. **(CV-DE#27 at 9).**

    However, the Magistrate's Report is inaccurate as the Petitioner filed his **Section § 2255 motion** within one year of the United States Supreme Court denying Petitioner's Writ of Certiorari on May 28, 2014. While the Magistrate acknowledges the fact that Attorney Allen P. Pegg, informed the Petitioner and his family of the date when his petition for Certiorari being denied. **(CV-DE#27 at 8).** The Magistrate recommends that Petitioner's **Section § 2255 motion** be dismissed as untimely, without any further inquiry from counsel Pegg as to the filings of the Writ of Certiorari in this case. **(1)**

———————————————

**(1) At this time the Petitioner is in the process of obtaining a sworn affidavit from attorney Pegg, as to the filings and disposal of Petitioner's Certiorari Petition.**

As a result, the Petitioner asserts that because his Section § 2255 motion was filed within one year of his Writ of Certiorari becoming final. The Magistrate's Report must be overruled in its findings that the Petitioner's Section § 2255 motion should be dismissed as filed untimely for the reasons as follows:

### I. Violation of <u>Clisby v. Jones</u>, 960 F.2d 925 (11th Cir. 1992), When failing to resolve <u>all</u> <u>Claims raised in Petitioner's Section § 2255 motion</u>

This Circuit has long held that district court's must resolve <u>all</u> claims raised in a pro se defendant's habeas corpus petition whether relief is warranted or not. <u>Clisby v. Jones</u>, 960 F.2d 925, 938 (11th Cir. 1992)(en banc); <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009)(holding that <u>Clisby</u> applies to § 2255 proceedings where district court fails to resolve all claims raised by pro se Petitioner).

Here, the Magistrate failed to adhere to the Court's mandate's of <u>Clisby</u> and resolve <u>all</u> claims raised in Petitioner's pro se § 2255 motion. When ruling on a § 2255 motion, the court must set forth enough analysis to provide a sufficient basis for appellate review. <u>Broadwater v. United States</u>, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

Thus, because the Magistrate failed to comply with the holding in <u>Clisby</u>. This Court should overrule that Magistrate's Report and resolve all claims raised in Petitioner's timely filed Section § 2255 motion.

## II. <u>Objections to Magistrate's Report</u>

To the extent it can be said that the Magistrate's Report is said to have addressed some of the claims raised in Petitioner's **Section § 2255 motion.** the Petitioner objects to any such findings based on the argument raised throughout the § 2255 proceedings.

## <u>CONCLUSION</u>

**WHEREFORE,** the Petitioner prays that the Magistrate's Report is overruled and/or that an evidentiary hearing be held to determine exactly when the Certiorari petition filed by Attorney Allen P. Pegg was resolved by the Supreme Court.

Respectfully submitted,

Dexter Kemp
Reg. No. 83049-004
Jail #150131766
Miami Dade County Jail
Pretrial Detention Center
1321 N.W. 13th Street
Miami, Florida 33125

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished, via U.S. Postal Mail Service, this _6th_ day of ~~March~~ April, 2016, to the following party:

AUSA, Juan Antonio Gonzalez, Jr.
1120 NW 20th Street
Suite 101
Miami, Florida 33172

Dexter Kemp

**From:** Allen P. Pegg
**To:** Wwwlady47@comcast.net
**Sent:** August 11, 2015 at 11:34 AM
**Subject:** Dexter

Rosa,

In Dexter's appeal, there was a petition for certiorari filed with the US Supreme Court. That petition was filed from the very same appeal and very same district court case (12-10990 for the appeal and 10-20410 for the district court case) as Dexter's. If the Supreme Court had granted certiorari and reversed the convictions for the reasons argued in the petition, I believe that relief would have affected Dexter's conviction. The Supreme Court denied the petition for certiorari on May 28, 2014. Dexter filed his habeas petition less than a year thereafter. Under Clay v. United States, 537 US 416, the petition should be deemed timely. The government's argument fails to recognize that there was a petition for certiorari filed in Dexter's case.

Allen P. Pegg
Hogan Lovells US LLP
allen.pegg@hoganlovells.com
(305) 459-6641

---

**About Hogan Lovells**

Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

**From:** Ebony Johnson [mailto:nicole36c@icloud.com]
**Sent:** Monday, February 29, 2016 6:53 AM
**To:** Pegg, Allen P.
**Subject:** Dexter Kemp

Hello Mr. Pegg, this is concerning Dexter Kemp. He got a responds back from the courts stating again that his 2255 is time barred. He contacted you before about this issue and even sent the email that you sent to him explaining why he shouldn't be time barred as an exhibit. It's still staying that the 2255 is still time barred. What the government is saying that there was a certiorari filed in his case concerning his co defends but not concerning him. That's the reason why they are saying he is timed barred. He wants to know what should he do next and he asking if you can give legal advice on what steps to take next. He has a deadline of March 7,2016 and would appreciate if you can get back to him. You can email back to this email have a bless day.

Sent from my iPhone

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

On Mar 1, 2016, at 5:07 PM, Pegg, Allen P. <allen.pegg@hoganlovells.com> wrote:

Dear Ebony/Dexter,

First, I am sorry it's taken me a day or so to respond to you. I've been a little tied up with other commitments. Second, as I've mentioned to Dexter a couple of times on the phone, the Court appointed me to represent Dexter only on his direct appeal and not on any trial or collateral proceedings. There hasn't been any confusion on that to date, and I just wanted to make sure we're all on the same page here. Third, the government's position still doesn't make sense to me. The petition for certiorari was filed from the very same appeal and very same district court case (12-10990 for the appeal and 10-20410 for the district court case) as Dexter's. If the broad relief sought in the petition had been granted, I believe Dexter would have argued that it applies to the appellate and district court cases as a whole (including Dexter and his various other co-defendants). What does Dexter have a deadline of March 7 to do?



**From:** Ebony Johnson [mailto:nicole36c@icloud.com]
**Sent:** Thursday, March 03, 2016 4:55 PM
**To:** Pegg, Allen P.
**Subject:** Re: Dexter Kemp


Dear Mr. Pegg,

 I appreciate you getting back with me and I understand everything you stated very clearly and yes we are on the same page. The magistrate judge sent me a report and recommendation stating that it was a certiorari filed in my case concerning my co defendants behalf and they saying because I didn't actually file one myself that my co defendants certiorari deadline date doesn't apply to me. The problem is I have to show some type of way that my co defendants certiorari and deadline date applies to me as well. Is there any type of case law stating that co defendants certiorari/deadline date applied to the other co defendants as well or is there anything stating that I can get relieved based off my co defendants filing a certiorari and a certiorari not being filed on my behalf. If so can you please send me the name of the case laws or any information I can use. The March 7 deadline is for me to reply back to the report and recommendation about me being timed barred. Have a bless day

Sent from my iPhone

**Ebony Johnson** <nicole36c@icloud.com>                                      Thu, Mar 17, 2016 at 8:07 PM
To: ilovechicken021@gmail.com


Sent from my iPhone

Begin forwarded message:

> **From:** "Pegg, Allen P." <allen.pegg@hoganlovells.com>
> **Date:** March 7, 2016 at 3:26:46 PM EST
> **To:** Ebony Johnson <nicole36c@icloud.com>
> **Subject:** RE: Dexter Kemp

Dear Ebony/Dexter,


The former Fifth Circuit's decision in Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734 (5th Cir. 1980) is binding precedent in the 11th circuit and supports the proposition that where fewer than all defendants appeal but the issues among the defendants are interwoven, the appellate decision should apply to all defendants, including the ones who did not separately appeal. Without providing legal advice, it would appear that you could use this to support your position.


Hogan Lovells US LLP

allen.pegg@hoganlovells.com

(305) 459-6641



From: Ebony Johnson [mailto:nicole36c@icloud.com]
Sent: Monday, February 29, 2016 2:49
To: Pegg, Allen P.
Subject: Dexter Kemp

Hello Mr. Pegg, this is concerning Dexter Kemp. He got a responds back from the courts stating again that his 2255 is time barred. He contacted you before about this issue and even sent the email that you sent to him explaining why he shouldn't be time barred as an exhibit. It's still staying that the 2255 is still time barred. What the government is saying that there was a certiorari filed in his case concerning his co defends but not concerning him. That's the reason why they are saying he is timed barred. He wants to know what should he do next and he asking if you can give legal advice on what steps to take next. He has a deadline of March 7,2016 and would appreciate if you can get back to him. You can email back to this email have a bless day.

Sent from my iPhone

About Hogan Lovells
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

Page 1 of 1

Dear Ebony/Dexter,

First, I am sorry it's taken me a day or so to respond to you. I've been a little tied up with other commitments. Second, as I've mentioned to Dexter a couple of times on the phone, the Court appointed me to represent Dexter only on his direct appeal and not on any trial or collateral proceedings. There hasn't been any confusion on that to date, and I just wanted to make sure we're all on the same page here. Third, the government's position still doesn't make sense to me. The petition for certiorari was filed from the very same appeal and very same district court case (12-10990 for the appeal and 10-20410 for the district court case) as Dexter's. If the broad relief sought in the petition had been granted, I believe Dexter would have argued that it applies to the appellate and district court cases as a whole (including Dexter and his various other co-defendants). What does Dexter have a deadline of March 7 to do?

Allen P. Pegg
Hogan Lovells US LLP
allen.pegg@hoganlovells.com
(305) 459-6641

From: Ebony Johnson [mailto:nicole36c@icloud.com]
Sent: Thursday, March 03, 2016 4:55 PM
To: Pegg, Allen P.
Subject: Re: Dexter Kemp

Dear Mr. Pegg,

I appreciate you getting back with me and I understand everything you stated very clearly and yes we are on the same page. The magistrate judge sent me a report and recommendation stating that it was a certiorari filed in my case concerning my co defendants behalf and they saying because I didn't actually file one myself that my co defendants certiorari deadline date doesn't apply to me. The problem is I have to show some type of way that my co defendants certiorari and deadline date applies to me as well. Is there any type of case law stating that co defendants certiorari/deadline date applied to the other co defendants as well or is there anything stating that I can get relieved based off my co defendants filing a certiorari and a certiorari not being filed on my behalf. If so can you please send me the name of the case laws or any information I can use. The March 7 deadline is for me to reply back to the report and recommendation about me being timed barred. Have a bless day

Sent from my iPhone

Page 1 of 1

Dear Ebony/Dexter,

The former Fifth Circuit's decision in Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734 (5th Cir. 1980) is binding precedent in the 11th circuit and supports the proposition that where fewer than all defendants appeal but the issues among the defendants are interwoven, the appellate decision should apply to all defendants, including the ones who did not separately appeal. Without providing legal advice, it would appear that you could use this to support your position about the cert petition, Dexter.

Allen P. Pegg
Hogan Lovells US LLP
allen.pegg@hoganlovells.com
(305) 459-6641



Dexter Kemp - 150131766
Pre-Trial Detention Center
1321 NW 13th Street
Miami, Fl 33125

United States District Court
Office Of The Clerk
400 North Miami Avenue
Miami, Fl 33128