UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21702-CIV-LENARD/WHITE

**DEXTER EARL KEMP,**

    Movant,

**v.**

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER ADOPTING THE REPORT OF THE MAGISTRATE JUDGE (D.E. 27), DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (D.E. 1), DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE**

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Patrick A. White, ("Report," D.E. 1), issued February 19, 2016, recommending that the Court dismiss as time-barred Movant Dexter Earl Kemp's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, (D.E. 1), filed May 4, 2015. Movant filed Objections on April 11, 2016. (D.E. 30.) Upon review of the Report, Objections, and the record, the Court finds as follows.

Movant's criminal case arose from an investigation by the Miami Gardens Police Department into sales of crack cocaine, cocaine, marijuana, and MDMA/Ecstasy. See United States v. Gray, 544 F. App'x 870, 874 (11th Cir. 2013). As a result of the investigation, on November 9, 2010, Movant was charged, along with eight co-defendants, in a Superseding Indictment. (See United States v. Kemp, Case No. 10-

20410-Cr-Lenard, D.E. 460 (S.D. Fla. Nov. 9, 2010).)[1] Movant was specifically charged with conspiracy to possess with the intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, and fifty kilograms or more of marijuana and a detectable amount of 3-4 methylenedioxymethamphetamine (MDMA), commonly referred to as "Ecstasy" (Count 1); possession with intent to distribute less than 50 kilograms of marijuana (Count 3); possession of a firearm in furtherance of a drug trafficking crime (Counts 8 and 9); and possession of ammunition by a convicted felon (Count 10). (See id.)

Movant entered a plea of not guilty and the case was tried before a jury. Count 9 was dismissed during trial and the jury found Kemp guilty of the remaining offenses. (Cr-D.E. 950.) The Court adjudicated Movant guilty of the subject offenses and he was sentenced as a career offender to a total term of imprisonment of 420 months' incarceration, consisting of 360 months as to Count 1 to run concurrently with 120 months as to Counts 3 and 10, and a consecutive 60 month term as to Count 8. (Cr-D.E. 1104, 1250.)

Movant, along with seven of his co-defendants, appealed his convictions and sentences. See Gray, 544 F. App'x 870. The Eleventh Circuit affirmed Movant's convictions and sentences (and those of his co-defendants) by written opinion dated November 15, 2013. See id. Three of Movant's co-defendants filed a petition for writ of

---

[1] Citations to the criminal docket will hereafter be denoted (Cr-D.E. __).

certiorari in the United States Supreme Court, but Movant did not.[2]  Movant filed the instant 2255 Motion on April 29, 2015.  (D.E. 1.)

On February 19, 2016, Judge White issued his Report recommending that the Court dismiss the Motion as time-barred.  (D.E. 27 at 21.)  He found that Movant's judgment of conviction became final on February 13, 2014, when the ninety-day period to file a petition for writ of certiorari expired.  (Id. at 9.)  Pursuant to 28 U.S.C. § 2255(f), Movant had one year from that date—specifically, February 13, 2015—to timely file a 2255 Motion.  (See id.)  However, Movant did not file the instant Motion until April 29, 2015—more than two months after the applicable deadline.  (See id.)

Judge White considered and rejected each of Movant's arguments as to why his Motion should be considered timely filed.  (See id. at 8-19.)  Only one of those arguments is relevant here: specifically, Movant argues that he filed a petition for writ of certiorari in the United States Supreme Court, and that petition was denied on May 28, 2014.  (See Obj. at 1; Report at 8-9.)  Judge White found that three of Movant's co-defendants—Shaheed Rashard Thompson, Artrell Terrance Gray, and Antwan Roshax Gray—filed petitions for writ of certiorari, but Movant did not.  Shaheed Rashard Thompson's petition was denied March 24, 2014, Thompson v. United States, No. 13-8797, 134 S. Ct. 1571 (Mar. 24, 2014), and was entered on the Court's criminal docket on March 31, 2014, (Cr-D.E. 1361).  Antwan Roshax Gray and Artrell Terrance Gray's

---

[2] As will be discussed infra, Movant believes that he did file a Petition for Writ of Certiorari.

petition was denied May 27, 2014, Gray v. United States, 134 S. Ct. 2686 (May 27, 2014), and was entered on the Court's criminal docket on May 28, 2014, (Cr-D.E. 1362).

Movant's belief that he filed a petition for writ of certiorari is based upon an email from his defense attorney to his mother, dated August 11, 2015.  (See D.E. 22 at 16.) That email states:

> In Dexter's appeal, there was a petition for certiorari filed with the US Supreme Court.  That petition was filed from the very same appeal and very same district court case (12-10990 for the appeal and 10-20410 for the district court case) as Dexter's.  If the Supreme Court had granted certiorari and reversed the convictions for the reasons argued in the petition, I believe that relief would have affected Dexter's conviction.  The Supreme Court denied the petition for certiorari on May 28, 2014.  Dexter filed his habeas petition less than a year thereafter.  Under Clay v. United States, 537 US 416, the petition should be deemed timely.  The government's argument fails to recognize that there was a petition for certiorari filed in Dexter's case.

(See id.)  As Judge White noted in his Report, "[t]he now-relied upon correspondence, sent subsequent to the filing of the instant §2255 motion, does not state that a petition for writ of certiorari was filed by Kemp, through counsel or pro se." (Report at 8-9.)  Rather, "[t]he correspondence merely indicates that a petition for certiorari had been filed from the Eleventh Circuit's opinion." (Id. at 9.)  The date mentioned in the email corresponds with the date the Supreme Court's denial of Antwan and Artrell Gray's petition for writ of certiorari was entered on the criminal docket.  (See id.; see also Cr-D.E. 1362.)  Judge White's "full and careful review of the records of this Court and the records of the Eleventh Circuit Court of Appeals has shown that no petition for writ of certiorari was ever filed by Kemp." (Report at 9.)  "Any possible belief on the part of Kemp and/or appellate counsel that Kemp had filed a petition for writ of certiorari is erroneous." (Id.)

4

On April 11, 2016, Movant filed his Objections to Judge White's Report. (D.E. 30.) The only finding/conclusion Movant challenges is Judge White's finding that Movant filed no petition for writ of certiorari. (Id. at 1.) In support, he cites the same email from defense counsel to Movant's mother that Judge White considered. (Id.)

Upon receipt of the Magistrate Judge's Report and Petitioner's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). The district court must conduct a de novo review of any part of the Report that has been "properly objected to." Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988); see United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with"). "[P]ortions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review." Cuevas on Behalf of Juarbe v. Callahan, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998) (citation omitted); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Upon de novo review of the Report, Objections, the record in this case, the record in the criminal case, and the appellate docket, the Court finds that Movant did not file a

writ of certiorari in the Supreme Court. (See Case No. 10-20410-Cr-Lenard (S.D. Fla.); Case No. 12-10990 (11th Cir.).) Consequently, his judgment of conviction became final on February 13, 2014, when the ninety-day period to file a petition for writ of certiorari expired. Pursuant to 28 U.S.C. § 2255(f), Movant had one year from that date to timely file a 2255 Motion. However, Movant did not file the instant Motion until April 29, 2015—more than two months after the applicable deadline. As such, the Motion is untimely and must be dismissed as time-barred.[3] See 28 U.S.C. § 2255(f).

Accordingly, it is **ORDERED AND ADJUDGED** that:

**1.** The Report of the Magistrate Judge (D.E. 27) issued February 19, 2016 is **ADOPTED**;

**2.** Dexter Earl Kemp's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED** as time-barred;

**3.** A Certificate of Appealability **SHALL NOT ISSUE**;

**4.** All pending motions are **DENIED AS MOOT**; and

**5.** This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of September, 2016.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent such a finding is necessary, the Court finds that Judge White's unobjected-to findings and conclusions are not clearly erroneous. See Cuevas, 11 F. Supp. 2d at 1342 ("[P]ortions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review."); see also Macort, 208 F. App'x at 784.